# UNITED STATES DISTRICT COURT

**District of Kansas**

(Wichita Docket)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **CASE NO. 26-10162-JWB**

**JOSE PEREZ,**
aka Pedro Perez-Garcia
aka Jose Perez-Zamarripa,
**ALBERTO JOSE PEREZ-RODRIGUEZ,** and
**HUMBERTO JAVIER PEREZ,**

**Defendants.**

# SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

## COUNT 1

**DRUG CONSPIRACY**
**[21 U.S.C. § 846]**

Beginning at a date unknown to the Grand Jury, through and including September 11, 2026, within the District of Kansas, the defendants,

**JOSE PEREZ,**
aka Pedro Perez-Garcia
aka Jose Perez-Zamarripa,
**ALBERTO JOSE PEREZ-RODRIGUEZ,** and
**HUMBERTO JAVIER PEREZ,**

knowingly and intentionally combined, conspired, confederated and agreed together and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: (a) distribution of cocaine, a controlled substance; (b) possession with intent to distribute cocaine, a controlled substance, substance in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(B), 841(b)(1)(C).

**Quantity of Cocaine Involved in the Conspiracy**

With respect to defendants **JOSE PEREZ**, aka Pedro Perez-Garcia**,** aka Jose Perez-Zamarripa, **ALBERTO JOSE PEREZ-RODRIGUEZ**, and **HUMBERTO JAVIER PEREZ**, and each defendant's conduct as a member of the conspiracy charged in Count 1, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

**POSSESSION OF COCAINE
WITH THE INTENT TO DISTRIBUTE
[21 U.S.C. § 841]**

On or about September 11, 2026, in the District of Kansas, the defendant

**JOSE PEREZ,**
aka Pedro Perez-Garcia,
aka Jose Perez-Zamarripa,
**ALBERTO JOSE PEREZ-RODRIGUEZ,** and

did unlawfully, knowingly, and intentionally possess, with the intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 3

**MAINTAINING DRUG INVOLVED PREMISES
[21 U.S.C. § 856(a)(1) and (a)(2)]**

Between a date unknown and May 20, 2026, in the District of Kansas, the defendant,

**JOSE PEREZ,**
aka Pedro Perez-Garcia,
aka Jose Perez-Zamarripa,

while knowingly using, maintaining, managing and controlling, whether permanently or temporarily, as an owner, agent, lessee, and occupant, a residence, 5605 E Shadybrook, Wichita, Kansas did knowingly and intentionally make available for use, with or without compensation and maintained said place for the purpose of unlawful storing, using and distributing of marijuana and fentanyl, both controlled substances.

In violation of Title 21, United States Code, Section 856(a)(1), 856(a)(2) and Title 18, United States Code, Section 2.

## COUNT 4

**UNLAWFUL REENTRY AFTER DEPORTATION**
**[8 U.S.C. § 1326(a)]**

On or about September 11, 2026, in the District of Kansas, the defendant,

**JOSE PEREZ,**
aka Pedro Perez-Garcia,
aka Jose Perez-Zamarripa,

a person who is not a citizen and national of the United States, and who previously was deported, removed, and excluded from the United States, on or about October 8, 2004, at or near El Paso, Texas; and who failed to obtain the consent of either the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission into the United States, was found in the United States after knowingly and voluntarily reentering the United States.

In violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

A TRUE BILL.

November 3, 2026
DATE

s/Foreperson
FOREPERSON OF THE GRAND JURY

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: /s/ Katherine J. Andrusak
KATHERINE J. ANDRUSAK
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: katie.andrusak@usdoj.gov
Ks. S. Ct. No. 25961

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

## PENALTIES

**Counts 1, 2: 21 U.S.C. §846 and 21 U.S.C. §841(a) and (b)(1)(B) [Conspiracy & Distribution of a Controlled Substance]**

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years. 21 U.S.C. § 841(b)(1)(B).
- A term of supervised release of at least four (4) years. 21 U.S.C. § 841(b)(1)(B).
- A fine not to exceed $5 million. 21 U.S.C. § 841(b)(1)(B).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(B).
- A term of supervised release of at least eight (8) years. 21 U.S.C. § 841(b)(1)(B).
- A fine not to exceed $8 million. 21 U.S.C. § 841(b)(1)(B).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 3 - 21 U.S.C. 856(a)(1)- [Maintain Drug Involved Premise]**

- Punishable by a term of imprisonment of not more than twenty (20) years. 21 U.S.C. § 856(b).
- A term of supervised release of at least three (3) years. 18 U.S.C. § 3583(b)(2).
- A fine not to exceed $500,000. 21 U.S.C. § 856(b).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 4: 8 U.S.C. § 1326(a) – [Unlawful Reentry After Deportation]**

The reentry of an alien who has previously been denied admission, excluded, removed, or deported, is a felony, with criminal penalties of:

- Punishable by a term of imprisonment of not more than two (2) years. 8 U.S.C. § 1326(a).
- A term of supervised release of not more than one (1) year. 18 U.S.C. § 3583(b)(3).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

An alien whose removal was subsequent to a conviction for three or more misdemeanors involving drugs, crimes against person, or both, or a felony (other than aggravated felony), is a felony, with criminal penalties of:

- Punishable by a term of imprisonment of not more than ten (10) years. 8 U.S.C. § 1326(b)(1).
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

If committed after an aggravated felony conviction, then:

- Punishable by a term of imprisonment of not more than twenty (20) years. 8 U.S.C. § 1326(b)(2).
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).